J-S05040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VAN LAUNDRY, INC. A/K/A D/B/A VAN'S LAUNDROMATS, INC., A/K/A D/B/A VANS LAUNDROMATS, INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | |
| | : | No. 1620 EDA 2024 |
| CORINTHIAN, LLC A/K/A 835 CORINTHIAN, LLC A/K/A D/B/A 835 CORINTHIAN STREET, LLC, FISHTOWN ROYAL DE, LLC, AND RYAN KIM | : : : : : | |

Appeal from the Judgment Entered May 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): 220201636

| | | |
|---|---|---|
| VAN LAUNDRY, INC. A/K/A D/B/A VAN'S LAUNDROMATS, INC., A/K/A D/B/A VANS LAUNDROMATS, INC. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| 835 CORINTHIAN, LLC, FISHTOWN ROYAL DE, LLC, AND RYAN KIM | : : | No. 1740 EDA 2024 |
| Appellants | : : | |

Appeal from the Judgment Entered May 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): 220201636

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

_____

[*] Former Justice specially assigned to the Superior Court.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED APRIL 9, 2025**

I join my esteemed colleagues' resolution of Landlord's appeal, concurring that the trial court properly applied ¶¶ 3 and 18 of the Lease to hold that Tenant's right to quiet enjoyment continued during the month-to-month tenancy, and that Landlord's breach thereof warranted $25,000 in liquidated damages. However, because I do not agree with the Majority's disposition of Tenant's appeal, I respectfully dissent.

I highlight the following background necessary to explain my position, beginning with the pertinent provisions of the parties' Lease. The September 2010 Lease specified in ¶ 4 monthly rent of $1,827 during the last year of its ten-year term, and in ¶ 18 for payment of 125% of the base rent should Tenant hold over to a month-to-month lease following the expiration of the original term. Additionally, ¶¶ 6 and 23 obligated Tenant to pay utilities and its prorated share of real estate tax and the Use and Occupancy tax.

The default provision of ¶ 20 required Landlord to give written notice of its intent to terminate the Lease for Tenant's failure to perform any of the conditions of the Lease and provided that Tenant's liability for default was capped at the lesser of six months' rent or rent for the remainder of the term. Finally, expressing that time was of the essence, ¶ 36 mandated that Landlord notify Tenant in writing of any back charges due under the Lease within ninety days, acknowledged that Landlord agreed to waive any right to back charges

- 2 -

for which it did "not appropriately notify Tenant within ninety days of the date upon which said charges had become due," and declared that "it is the intent of the parties that all charges be assessed in a timely manner as they accrue and in no event shall they be assessed to Tenant after this ninety day period." Lease, 9/20/10, at ¶ 36 (repetition of number values omitted).

At trial, the parties stipulated to the admission of an October 18, 2021 letter from Landlord to Tenant providing written notice of default and asserting a lump sum demand of $32,718.24, representing past-due rent, utilities, and real estate taxes since the expiration of the Lease. This was the first time Landlord notified Tenant of its need to pay the tax bill. *See* N.T. Trial, 1/8/24, at 175-77. The trial court found in favor of Landlord on its counterclaim for $31,617 in unpaid real estate taxes "per [¶¶] 23 and 36 of the Lease and documentary evidence stipulated to at trial, specifically the 10/18/21 Notice." Order, 1/22/24, at ¶ 8.

In its post-trial motion, Tenant alternatively sought judgment notwithstanding the verdict ("JNOV") or a new trial on the bases that the court "erred and went against the weight of the evidence" in awarding the cross-claim damages because the Lease (1) capped tenant's liability at six months' rent, and (2) required written notice of back charges due within ninety days.[1] Although its motion referenced the weight of the evidence, in its

_____

[1] In both instances, the plaintiff cited the incorrect paragraph of the Lease, invoking ¶¶ 10 and 26, respectively, instead of ¶¶ 20 and 36.

accompanying memorandum of law, Tenant did not argue a weight claim as such, but rather cited case law providing that JNOV was appropriate where the evidence was insufficient to sustain the verdict even when viewed in the light most favorable to the verdict winner, and that a new trial is warranted where the court committed an error of law or abuse of discretion that affected the verdict. *See* Memorandum of Law, 2/2/24, at § III.

The trial court denied the motion without opinion, and tenant appealed, indicating in its Pa.R.A.P. 1925(b) statement that the court abused its discretion and committed an error of law in awarding the $31,617 to landlord because of the liability cap, and lack of evidence of notice of taxes when they were due. Regarding the latter, Tenant asserted that the parties never stipulated that the October 18, 2021 notice demonstrated that Tenant actually owed Landlord $31,617 in unpaid taxes as rent. *See* Tenant's Post-Trial Motion, 2/2/24, at ¶ 1.

In its Rule 1925(a) opinion, the trial court acknowledged that Tenant had made requests for both JNOV and a new trial but only examined the claim as one implicating the weight of the evidence. Contrary to the order announcing its verdict, the court did not premise its ruling on the October 18, 2021 document to which the parties stipulated, but instead upon its right as fact finder to credit the following testimony offered by Mr. Kim:

Q. So did you ever send [Tenant] a tax bill?

A. Isn't it his responsibility to pay the taxes?

Q.   Are the taxes -- who are the taxes mailed to?

A.   He was also supposed to pay the rent, but he didn't pay the rent.  Why would he pay the taxes?

Q.   Is it the landlord's job to provide notice of the taxes?

A.   He also gets the same taxes, does he not?

Q.   So how –

A.   It's also public record, right?

THE COURT:     Counsel.  Ask the question.  Go ahead.

Q.   How do you expect him to pay a bill he may not have?  Did you ever send him?

A.   I directed it to my attorney.

Q.   So did your attorney send a writing asking him to pay the tax bill?

A.   Yes.

Q.   When I say attorney, [prior counsel]?

A.   Yes.

Q.   You have that communication?

[LANDLORD'S COUNSEL]:     P-8. It's already stipulated.

[TENANT'S COUNSEL]: That would be, the first communication would be -

[LANDLORD'S COUNSEL]:  The first communication was P-7. P-8, you asked about taxes.

BY [TENANT'S COUNSEL]:     Q.     Not until October 18, 2021, that you made your first request for taxes?

A.   Does that mean it's not due?  He didn't pay it.

Trial Court Opinion, 7/25/24, at 15 (citing N.T. Trial, 1/8/24, at 176-77). The court opined that there was no mistake or other basis for a new trial such that its conscience was shocked by its verdict. *Id*. at 16.

The Majority finds the trial court opinion well-reasoned on this issue of notice of taxes due and affirmed on the basis that it did not abuse its discretion in concluding that the weight claim was not a shock to the sense of justice because Landlord's testimony was more credible. *See* Majority Memorandum at 5. However, on the question of the Lease's liability cap, my learned colleagues, still focused solely on the weight-of-the-evidence standard of review, conclude that the trial court "simply denied the existence of, and thus did not consider at all," ¶ 20's six-month base-rent cap on tenant's liability upon default. *Id*. at 8. The Majority rules that it "cannot accept the exercise of discretion, or lack thereof, manifest in the court's summary rejection of this issue." *Id*. Consequently, it vacates the judgment and remands for the court to "determine whether the weight of the evidence adduced at trial established that the damages cap set forth in the parties' lease applied to the damages assessed against Tenant and, if so, to what effect." *Id*. at 10.

My disagreement with the Majority is multifaceted. For one, looking to the issues that Tenant actually argued, rather than the ones the trial court chose to address, I would hold that the trial court's refusal to acknowledge or address ¶ 36's requirement ninety-day written notice requirement, and waiver of all back charges for which such notice was not given, was just as flawed as

the denial of the existence of ¶ 20's liability cap abjured by the Majority. The court stated in its verdict order that its finding for Landlord as to unpaid real estate taxes was based upon the October 18, 2021 letter, which plainly does not indicate how much of the $32,718.24 was for taxes, as opposed to past-due rent or utilities and, more importantly, does not indicate when each of the claimed charges had become due.[2] Mr. Kim's trial testimony recounted above, upon which the trial court relied in deciding Tenant's post-trial motion, does not supply any of the missing information. Further, the testimony, which the court found credible, confirmed that Landlord provided no notice of past-due charges until October 2021 although the last time Tenant paid Landlord was in December 2020. On this record, I cannot agree with the Majority's choice to affirm the trial court as to address ¶ 36 of the Lease.

More fundamentally, I believe the majority, following the trial court's lead, is incorrect in examining Tenant's claims of error through the lens of a weight claim. *See* Majority Memorandum at 6-7 (citing *Alkozbari v.*

_____

[2] In its proposed findings and conclusions, Landlord suggested:

> Based on the evidence presented at trial, including testimony and the Lease, [Landlord] is entitled to an award of $14,052 for unpaid real estate taxes for each year of 2021 and 2022 and three months of 2023 (which were the Tenant's responsibility under [§] 23 of the Lease), or $31,617.

Landlord's Proposed Findings of Fact and Conclusions of Law, 1/12/24, at 11. However, Landlord did not identify where in the record these amounts were established, or at what point each became due.

***Wanaselja***, 323 A.3d 209 (Pa.Super. 2024). Tenant did not, before or after filing this appeal, advocate for a new trial on the basis that it shocked one's sense of justice because its own evidence was of such greater weight that Landlord's.[3] Rather, Tenant has maintained that it was entitled to JNOV or a new trial because the trial court erred as a matter of law and abused its discretion in not applying the unambiguous notice requirement and liability cap provisions of the Lease. ***See*** Tenant's brief at 10-12; Tenant's Post-Trial Motion, 2/2/24, at ¶¶ 1-13.

> In this vein:
>
> Review of a trial court's decision to deny post-trial motions in the nature of a motion for JNOV and/or a new trial implicates the following standard and scope of review:
>
> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. A JNOV should be entered only in a clear case.
>
> Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must

---

[3] The only references to the "shock one's sense of justice" standard in the certified record are in Landlord's brief in opposition to Tenant's post-trial motion. ***See*** Memorandum of Law in Support of Landlord's Response in Opposition to Tenant's Motion for Post-Trial Relief, 5/6/24, at 5-6.

consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

Appellate review of a contracts case requires this Court to determine whether the factual findings of the trial court are supported by competent evidence on the record, and whether the trial court committed an abuse of discretion. However, the trial court's conclusions of law are subject to plenary review.

*J.W.S. Delavau, Inc. v. E. Am. Transp. & Warehousing, Inc.*, 810 A.2d 672, 679–80 (Pa.Super. 2002) (cleaned up).

As for the substantive law: "It is apodictic that freely negotiated agreements entered into at arms length are generally enforced according to their terms to allow parties the benefit of their bargains." *Vinculum, Inc. v. Goli Techs., LLC*, 310 A.3d 231, 244 (Pa. 2024) (cleaned up). "Consequently, where the intent of the parties is expressed in clear, unambiguous terms in a contract, the parties' intent must be enforced." *Id*.

Examined pursuant to these standards, my review of the certified record detailed above confirms Tenant's contentions that the court abused its discretion in making findings unsupported by the record and misapplied the law by failing to enforce provisions of the Lease. As such, I would hold that Tenant is entitled to relief on both of its appellate claims of error.

This brings me to my final divergence from the Majority's decision. Rather than vacate the judgment and remand for the trial court to reconsider a weight claim as to the liability cap, I would vacate the judgment and the

verdict and remand for a new trial solely as to Tenant's liability to Landlord for real estate taxes, calculated mindful of the limitations and waiver provisions of ¶¶ 20 and 36 of the Lease. To the extent that the Majority holds otherwise, I respectfully dissent.